

# IN THE
# TENTH COURT OF APPEALS

No. 10-23-00256-CV

## IN RE MADISON MILLER

**Original Proceeding**

**From the 21st District Court
Burleson County, Texas
Trial Court No. 30654**

## DISSENT

The Court denies mandamus relief in a situation I cannot distinguish from three instances in which the Supreme Court of Texas held that discovery of the same type as sought by Miller was allowed. *See In Re ExxonMobil Corp.*, 635 S.W.3d 631 (Tex. 2021); *In re K & L Auto Crushers, LLC*, 627 S.W.3d 239 (Tex. 2021); *In re N. Cypress Medical Ct. Operating Co.*, 559 S.W.3d 128 (Tex. 2018). I believe the Supreme Court of Texas meant what it said about the discoverability of the information sought in this proceeding. Even if some requests went too far in view of the proportionality requirement, and I am not saying that any do, it was nevertheless incumbent upon the trial court to tailor the order and grant discovery of what the Supreme Court of Texas has clearly said was discoverable. *See generally* Course Materials—Medical Expenses in Texas Personal Injury Cases: Recent Developments, from *Recent Developments in Medical Expenses: Section*

*18.001/Reasonable Value/Discovery from Medical Providers* (REPLAY), TexasBarCLE Webcast, (Monday, September 25, 2023). I believe the fundamental teaching of *K & L Auto Crushers* is that the trial court cannot deny a valid discovery request merely because some part or portion is objectionable for some unidentified reason.

Because the Court denies relief without addressing or attempting to distinguish the controlling authority, I respectfully dissent.

TOM GRAY
Chief Justice

Dissent delivered and filed January 18, 2024

